UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN-FRANCIS JUDE SUPPAH,<br><br>                    Plaintiff,<br><br>   v.<br><br>APRIL D. MCCOMB, *et al.*,<br><br>                    Defendants. | No. C10-5079 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: July 2, 2010** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. After reviewing the complaint in this action the undersigned recommends that the action be dismissed without prejudice prior to service because Mr. Suppah's claims are not cognizable under 42 U.S.C. § 1983, but must be pursued through a petition for habeas corpus.

*FACTUAL BACKGROUND*

In his complaint, Mr. Suppah purports to sue April D. McComb, a Pierce County prosecutor, claiming that she intentionally misrepresented facts in her declaration for determination of probable cause in Mr. Suppah's Pierce County District Court Case No. 07-1-05420-2. Dkt. 1, p. 3. Mr. Suppah further states that his case "is in appellate court." *Id.* Mr. Suppah asks the court to bring perjury charges against the prosecutor, to be paid money damages of $1.5 million, and that the court vacate his conviction. *Id.*, p. 4. On February 24, 2010, Mr. Suppah was ordered to show cause why this action should not be dismissed or to file an amended

REPORT AND RECOMMENDATION - 1

civil rights complaint seeking relief cognizable under 42 U.S.C. § 1983.  Dkt. 7.  The court granted Mr. Suppah's request for an extension to file his response and ordered that he should file his response on or before April 30, 2010.  Dkt. 9.   Mr. Suppah provided his response and an amended complaint, in which he removes his request that his conviction be vacated.  Dkt. 11, p. 1.  He further argues that the doctrine of favorable termination (*Heck v. Humphrey,* 512 U.S. 477, 485-486 (1994)) do not apply to his allegations that the prosecutor committed perjury.  Dkt. 11, p. 6.

## *DISCUSSION*

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the

REPORT AND RECOMMENDATION - 2

opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23

REPORT AND RECOMMENDATION - 3

(9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Mr. Suppah responded to the court's order to file an amended complaint and/or to show cause by offering to withdraw his request that his conviction be vacated. Dkt. 11, p. 1. However, because Mr. Suppah seeks monetary compensation for his alleged unlawful conviction and/or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, the appropriate course of action for Mr. Suppah is to pursue his claims through a habeas corpus petition, which he must first file in state court.

Mr. Suppah's belief that his allegations of perjury or fraud alleviate the necessity for first challenging his conviction in state court is misplaced. Mr. Suppah relies on *Genzler v. Longanbach*, 410 F.3d 630 (9th Cir. 2005) for the proposition that fraud is an exception to the rule of favorable termination, and assuming that the court ruled in his favor, it is not certain that such a ruling would necessarily demonstrate the invalidity of his confinement. Dkt. 11, p. 6 (citing *Genzler*, 410 F.3d 630). However, *Genzler* is inopposite to the facts in this case. In *Genzler,* the plaintiff brought a § 1983 case relating to his conviction in his first trial, which had been reversed. The court specifically noted that the plaintiff was not alleging conduct relating to his second trial, for which he had served his sentence. *Genzler*, 410 F.3d at 635 and n.1.

*CONCLUSION*

Plaintiff has not stated a cognizable claim under 42 U.S.C. § 1983. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**.

REPORT AND RECOMMENDATION - 4

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 2, 2010**, as noted in the caption.

DATED this  10th  day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5